IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONE JONES COLLECTION, INC. | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-09-CV-2463-G |
| GOOD PRICE MART INC., ET AL. | § § | |
| Defendants. | § § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Jone Jones Collection, Inc. has filed a Rule 60(b) motion for relief from the final order of dismissal entered in this case. As grounds for the motion, plaintiff alleges that defendants continue to sell copyrighted and trademarked products in violation of the settlement agreement negotiated by the parties. A hearing on the motion was scheduled for April 30, 2010 at 10:00 a.m. before U.S. Magistrate Judge Jeff Kaplan. Counsel for defendants appeared at the hearing. Although duly notified of the hearing date, counsel for plaintiff failed to appear. When the court staff telephoned counsel to inquire about his absence, counsel failed to offer a legitimate explanation to excuse his non-appearance. Accordingly, plaintiff's Rule 60(b) motion [Doc. #16] should be dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 30, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE