UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONE JONES COLLECTION, INC., a Texas corporation d/b/a N'S TRADING, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:09-CV-2463-G |
| GOOD PRICE MART, INC. d/b/a Q FASHION, ET AL., | ) ) ) ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the findings and recommendation of the United States

Magistrate Judge ("Findings and Recommendation") (docket entry 25)

recommending that the plaintiff Jone Jones Collection, Inc. ("the plaintiff")'s Rule

60(b) motion for relief from the final order of dismissal be denied for want of

prosecution. For the reasons discussed below, the court declines to adopt the findings

and recommendation of the magistrate judge.

### I. BACKGROUND

#### A. Factual Background

This is an action to enforce certain trademarks and copyrights that the plaintiff

alleges are being infringed by the defendant Good Price Mart Inc. ("the defendant").

*See generally* Jone Jones Collection, Inc. Original Complaint.  On February 9, 2010,

United States Magistrate Judge Jeff Kaplan entered an order stating that the parties

had informed the court that this action had settled and ordering the parties to submit

a stipulation of dismissal by March 9, 2010.  On March 9, 2010, the parties did so.

However, on March 23, 2010, the plaintiff filed a motion for relief from the order of

dismissal.  The plaintiff's motion alleges that the defendant is continuing to infringe

upon the plaintiff's trademarks and copyrights in violation of the settlement

agreement that was the basis for the agreed order of dismissal.  *See generally* Plaintiff's

Motion for Relief from Order of Dismissal ("the plaintiff's Rule 60(b) motion").  The

plaintiff seeks to have the order of dismissal set aside under Federal Rule of Civil

Procedure 60(b).  *Id.* at 3.  On March 30, 2010, Judge Kaplan held a status

conference regarding the plaintiff's Rule 60(b) motion and then entered an order

deferring action on that motion so that the parties could attempt to resolve their

differences by agreement.  *See* Order of March 30, 2010 at 1.  The parties' attempt to

reach an agreement was unsuccessful, so Judge Kaplan scheduled a hearing on the

plaintiff's Rule 60(b) motion for April 30, 2010.  *See* Order Setting Hearing (docket

entry 23) at 1.

 Judge Kaplan's recommendation that the plaintiff's Rule 60(b) motion be

dismissed for want of prosecution is based on the failure of Yusuf K. Abdullah

("Abdullah"), counsel for the plaintiff, to attend the hearing that was scheduled for

April 30.  "When the court staff telephoned [Abdullah] to inquire about his absence,

[he] failed to offer a legitimate explanation to excuse his non-appearance."  Findings

and Recommendation at 1.  Judge Kaplan therefore recommends to the court that the

"plaintiff's Rule 60(b) motion . . . should be dismissed for want of prosecution.  *See*

FED R. CIV. P. 41(b)."  *Id.*[*]

## B.  Standard of Review

Magistrate judges are authorized to submit "proposed findings of fact and

recommendations for the disposition" of, *inter alia*, motions to involuntarily dismiss

an action.  *See* 28 U.S.C. § 636(b)(1)(B).  A magistrate judge's *sua sponte*

recommendation that an action be involuntarily dismissed is also governed by

§ 636(b)(1)(B).  See, *e.g.*, *Hall v. Dallas County*, 2008 WL 4148981, at *1 (N.D. Tex.

---

[*]        The court treats Judge Kaplan's recommendation that the plaintiff's
Rule 60(b) motion be dismissed as the equivalent of a recommendation that this
action be dismissed.  While Federal Rule of Civil Procedure 41(b) authorizes the
dismissal of either "the action or any claim," only a pleading can state a claim, *see*
FED. R. CIV. P. 7(a), 8(a), and "a Rule 60(b) motion is not a pleading," *Bigelow v.
RKO Radio Pictures*, 16 F.R.D. 15, 17 (N.D. Ill. 1954).  Where, as a here, the denial
of a Rule 60(b) motion would conclude the proceedings in the district court, such a
denial is tantamount to a final decision dismissing the action.  Cf. *Kerwit Medical
Products, Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 835 (5th Cir. 1980)
(concluding that "denials of Rule 60(b) motions are immediately appealable under
[28 U.S.C.] § 1291" when they are "effective terminations of district-court
proceedings").  *See generally* BLACK'S LAW DICTIONARY 537 (9th ed. 2009) (defining
"dismissal" as the "[t]ermination of an action or claim without further hearing").
Therefore, the court will evaluate Judge Kaplan's recommendation using the
standards developed by the Fifth Circuit to evaluate the dismissal of an action under
Rule 41(b).

Sept. 8, 2008) (Fitzwater, C.J.).  Any party may serve and file written objections to the proposed findings and recommendations of a magistrate judge within fourteen days of being served with a copy of them.  28 U.S.C. § 636(b)(1)(C).  A district judge must make "a de novo determination of those . . . specified proposed findings or recommendations to which objection is made."  *Id.*  Here, the plaintiff served and filed written objections to Judge Kaplan's recommendation that the plaintiff's Rule 60(b) motion be dismissed six days after being served with a copy of Judge Kaplan's proposed findings and recommendation.  Therefore, the court will undertake a *de novo* review of that recommendation.

## II.  ANALYSIS

The court concludes that dismissal of the plaintiff's Rule 60(b) motion is unwarranted.  Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) authorizes a district court to "dismiss an action *sua sponte* . . . for failure to comply with a court order."  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996); see also *Rogers v. Kroger Company*, 669 F.2d 317, 319-20 (5th Cir. 1982) (citing *Link v. Wabash Railroad*, 370 U.S. 626, 630-33 (1962)).  "Unless the dismissal order states otherwise," a dismissal under Rule 41(b) "operates as an adjudication on the merits."  FED. R. CIV. P. 41(b).  Judge Kaplan's order does not state otherwise, so the court treats his recommendation as a

recommendation that the plaintiff's Rule 60(b) motion be dismissed with prejudice.

Before an action can dismissed with prejudice under Rule 41(b), two "requisite"

factors must be present and a third "aggravating" factor usually should be present.

*Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417-18 (5th Cir. 2006).  The court

concludes that none of these factors is present in this case.

      First, a dismissal with prejudice under Rule 41(b) is appropriate "only on a

showing of 'a clear record of delay or contumacious conduct by the plaintiff.'"  *Id.* at

417 (quoting *Rogers*, 669 F.2d at 320); see also *Berry v. CIGNA/RSI-CIGNA*, 975

F.2d 1188, 1191 (5th Cir. 1992).  A clear record of delay exists when there have been

"'significant periods of total inactivity'" that persist for longer than "just a few

months."  *Millan v. USAA General Indemnity Company*, 546 F.3d 321, 327 (5th Cir.

2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)); see also

*Rogers*, 669 F.2d at 321 ("The decisions of this court affirming Rule 41(b) dismissals

with prejudice involve egregious and sometimes outrageous delays.").  A clear record

of contumacious conduct exists when the plaintiff has deliberately exhibited a

"'stubborn resistance to authority.'"  *Millan*, 546 F.3d at 327 (quoting *McNeal*, 842

F.2d at 792); see also *id.* ("'[I]t is not a party's negligence -- regardless of how careless,

inconsiderate, or understandably exasperating -- that makes conduct contumacious

. . . .'") (quoting *McNeal*, 842 F.2d at 792); *Morris v. Ocean Systems, Inc.*, 730 F.2d

248, 252-53 (5th Cir. 1984) (concluding that negligence, imprudence, and a lack of

consideration and discretion do not rise to the level of contumaciousness); *McGowan v. Faulkner Concrete Pipe Company*, 659 F.2d 554, 558 (5th Cir. 1981) (equating "contumacious conduct" with "willful misconduct"). *See generally* BLACK'S LAW DICTIONARY 337 (9th ed. 2009) (defining "contumacious conduct" as "willful disobedience of a court order").

Although the decision to dismiss under Rule 41(b) is committed to the district court's discretion, its discretion to dismiss with prejudice has been confined to a narrow range of circumstances. See *Raborn v. Inpatient Management Partners Inc.*, 278 F. App'x 402, 407 (5th Cir. 2008) (per curiam) ("Because [a dismissal with prejudice] forever deprives the litigant of the opportunity to pursue her claim, we have more closely managed the district court's discretion under Rule 41(b) than in other contexts."); *Berry*, 975 F.2d at 1191 ("[T]his Court has limited the district court's discretion in dismissing cases with prejudice."). For example, it is usually an abuse of discretion to dismiss an action with prejudice "where a plaintiff has failed only to comply with a few court orders or rules." *Berry*, 975 F.2d at 1191-92 n.6 (citing cases); see, *e.g.*, *Raborn*, 278 F. App'x at 403 (holding that a district court abused its discretion by entering an order of dismissal under Rule 41(b) after counsel for the plaintiff failed to appear for a status conference); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1520-21 n.10 (5th Cir. 1985) (per curiam) (collecting cases in support of the conclusion that "noncompliance with two or three orders or

rules of the district court" typically does not establish a clear record of delay or contumacious conduct); *Burden v. Yates*, 644 F.2d 503, 504-05 (5th Cir. 1981) (reversing the district court's order of dismissal under Rule 41(b), even though the plaintiff had "failed to obey the clear directives of the district court" on three separate occasions, where the "failure to comply with the court order was more a matter of negligence than purposeful delay or contumaciousness"). Dismissal with prejudice is appropriate only in "cases where the plaintiff's conduct has threatened the integrity of the judicial process, . . . leaving the court no choice but to deny that plaintiff its benefits." *Rogers*, 669 F.2d at 321.

    In this case, the plaintiff's prosecution of this action does not evince a clear record of delay. There has not been a significant period of total inactivity. This case was only four months old at the time Judge Kaplan recommended that it be dismissed. The plaintiff had filed a joint status report less than three weeks earlier, and it filed objections to Judge Kaplan's findings and recommendation less than one week later. Nor is there a clear record of contumacious conduct. Abdullah did violate one of Judge Kaplan's orders by failing to appear at the hearing scheduled for April 30. But the record does not reflect that Abdullah's failure to appear at the hearing was deliberate or willful. To the contrary--Abdullah has submitted in affidavit in which he swears that his failure to appear at hearing was not intentional. *See* Affidavit of Yusuf Abdullah, *located in* Plaintiff's Amended Objections and Appeal of

Magistrate's FRCP 41(B) Dismissal of Plaintiff's Claim for Relief for Failure to

Prosecute (docket entry 27) at 5-6 ("There was no willful intent, or willful

disobedience contemplated by me in failing to attend the scheduled court hearing in

question.  The error was one of simple human error by failing to docket the court

hearing.").  Judge Kaplan's proposed findings and recommendation do not identify

any other occasions on which Abdullah has not complied with an order of the court.

Abdullah's failure to appear at the hearing "is, of course, inexcusable."  See *McGowan*,

659 F.2d at 558.  However, standing alone it does not constitute a clear record of

contumacious conduct.  Accord *Silas v. Sears, Roebuck & Company*, 586 F.2d 382, 384-

86 (5th Cir. 1978) (reversing the district court's decision to dismiss an action four

months after filing when counsel for the plaintiff failed to appear at a pretrial

conference that counsel had neglected to place on his calendar).

Second, even where there is a clear record of delay or contumacious conduct by

the plaintiff, the court must also make an explicit determination that lesser sanctions

would not serve the best interests of justice.  *Sealed Appellant*, 452 F.3d at 417; see

*Berry*, 975 F.2d at 1191; see also *Callip*, 757 F.2d at 1521 ("[W]e cannot affirm a

dismissal unless the district court expressly considered alternative sanctions and

determined that they would not be sufficient . . . or the record reveals that the district

court employed lesser sanctions prior to dismissal . . . that in fact proved to be

futile.").  In this case, nothing in the record indicates that Judge Kaplan considered

imposing or actually imposed a lesser sanction before he recommended dismissal. And there is no explicit statement in his findings and recommendation that he has determined that a lesser sanction would be futile.

Third, even where both of those requirements are satisfied, at least one of the following "aggravating factors" usually must be present to justify dismissal with prejudice under Rule 41(b): "(1) the delay was caused by the plaintiff, as opposed to her attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct." *Raborn*, 278 F. App'x at 404-05 (citing *Berry*, 975 F.2d at 1191); see also *Sealed Appellant*, 452 F.3d at 418 ("We have stated that aggravating factors must 'usually' be found; we have not said they must 'always' be found."). Here, nothing in the record indicates that any of these aggravating factors is present in this case.  The conduct at issue is attributable entirely to Abdullah, not the plaintiff, and, as discussed above, Abdullah's absence from the April 30 hearing was not intentional.  As to the second aggravating factor, the defendant attempts to argue that it has suffered actual prejudice.  *See* Defendant's Response to Plaintiff's Objections and Appeal of Magistrate's Rule 41(b) Dismissal, and Motion for Attorney's Fees (docket entry 28) ¶ 13.  However, the defendant argues only that it has been prejudiced by the plaintiff's allegedly baseless Rule 60(b) motion, see *id.*, not that its defense to that motion was somehow hampered or undermined by Abdullah's failure to appear at the April 30 hearing.  Because none of the three aggravating

factors that usually justifies an involuntary dismissal with prejudice is present in this case, the court concludes that this case should not be dismissed with prejudice under Rule 41(b).

Pursuant to the court's standing order of reference, this case--including the defendant's pending motion to recover the attorney's fees it incurred in preparing for the April 30 hearing and responding to the plaintiff's objections to the recommendation of dismissal -- will remain referred to Judge Kaplan for pretrial management.  By declining to adopt Judge Kaplan's recommendation that this action be dismissed, the court in no way implies that Abdullah should not be subject to some kind of sanction for his failure to appear at the April 30 hearing.  The court holds nothing more than that Abdullah's conduct did not warrant imposition of "the most severe sanction that a court may apply," *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir.) (per curiam), *cert. denied*, 388 U.S. 919 (1967).  Judge Kaplan is free to impose any sanction short of dismissal with prejudice that he, in the exercise of his sound discretion, concludes is appropriate.  *See* N.D. TEX. LOC. R. 83.8(b)(2); see, *e.g.*, *Brown v. Emerson Electric Company*, 189 F.3d 468 (tbl.), 1999 WL 511801 (5th Cir. 1999) (per curiam); *Oxfurth v. Siemens A.G.*, 142 F.R.D. 424, 428 (D.N.J. 1991).  See generally *Rogers*, 669 F.2d at 321-22 ("Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe

sanctions that maybe used to safeguard a court's undoubted right to control its docket.").

## II.  <u>CONCLUSION</u>

For the reasons discussed above, the court declines to adopt the findings and recommendation of the magistrate judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED**.

June 15, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**